IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARMANDO OLVERA,

    Petitioner,

vs.                                          Cause No. 1:10-cv-444 MV/DJS

RAY TERRY, Warden, Otero County
Processing Center,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 5], entered May 25, 2010, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. For the reasons stated below, the Court recommends that the *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 1], filed May 7, 2010, be **dismissed without prejudice.**

I.    **BACKGROUND**

Mr. Olvera, who is proceeding *pro se* and *in forma pauperis*, filed a *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 1] on May 7, 2010. The Petition alleged he is a native and citizen of Mexico, and that he was in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Otero County Processing Center in Chaparral, New Mexico. [Doc. 1, ¶¶ 1, 6.] According to the Petition, he had been in ICE custody continuously since November 6, 2009.

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[Id., ¶ 6.] The Petition further alleged that Mr. Olvera had seen an Immigration Judge about five times and that his next court date was set for August 3, 2010. [Id., ¶ 15.] Mr. Olvera sought release from custody pending removal proceedings. [Id. at 10.]

Given the then-impending immigration hearing date, the Court issued an *Order for Status Report* directing Respondent to report on the status of Mr. Olvera's removal proceedings following the August 3, 2010 hearing. [Doc. 8.] Respondent's *Status Report*, filed August 11, 2010, indicates that at the August 3, 2010 hearing, an Immigration Judge granted Mr. Olvera's request for cancellation of removal and Mr. Olvera was released from custody the next day. [Doc. 9.]

On August 18, 2010, the Court issued an *Order to Show Cause* directing Mr. Olvera to show cause why his petition had not been rendered moot by his release from custody. [Doc. 11.] Mr. Olvera failed to respond the *Order to Show Cause* by the September 1, 2010 deadline.

## II.     DISCUSSION

"Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F.App'x 850, 851 (10th Cir. 2010) (unpublished) (citing *Alvarez v. Smith*, ___ U.S. ___, 130 S.Ct. 576, 580, 175 L.Ed.2d 447 (2009)). "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction." *Id.* at 851–52 (citing *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir.2007)).

An alien's release from detention does not automatically moot his petition if he was in custody at the time of filing. *Riley v. INS*, 310 F.3d 1253, 1256 (10th Cir. 2002); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that custody requirement only requires that petitioner be "in custody" at the time petition was filed). However, to maintain the action after his release, Mr. Olvera must demonstrate that serious collateral consequences of his incarceration exist—*i.e.*, that there is "some concrete and continuing injury"—despite his release. *Spencer*, 523 U.S. at 7.

The Court afforded Mr. Olvera the opportunity to identify a concrete and continuing injury by responding to the Order to Show Cause.  He has failed to do so.  The Court thus concludes this case is moot.

## III.    RECOMMENDATION

The Court recommends the *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* [Doc. 1], filed May 7, 2010, be dismissed without prejudice.

**DON J. SVET**
**United States Magistrate Judge**